```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                         GALVESTON DIVISION
```

| | |
|---|---|
| ANTHONY JOSEPH RICHARD § | |
| TDCJ-CID NO. 623054, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. G-09-003 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Insti- § | |
| tutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER ON DISMISSAL**

Anthony Joseph Richard has filed a Petition for Writ of Habeas Corpus (Docket Entry No. 1) to which respondent Nathaniel Quarterman has filed Answer with Brief in Support (Docket Entry No. 11). For the reasons stated below, this action will be dismissed for failure to exhaust administrative remedies and because the exhausted claims are baseless.

## I.  Procedural History and Claims

Richard is serving a twenty-five year sentence pursuant to a 1992 conviction for delivery of cocaine. He does not challenge the validity of the conviction. Instead, he challenges the finding of a TDCJ-CID disciplinary hearing officer. Richard alleges that he was wrongly found guilty of threatening to inflict harm on Sgt. Taylor. After finding Richard guilty, the hearing officer assessed his punishments as 30 days of commissary restriction, 30 days of

1

commissary restriction, a reduction in time-earning class status from State Approved Trustee 3 to Line Class 1, and a loss of 100 days of good-time credit. Richard filed Step 1 and Step 2 grievances to appeal the disciplinary action, both of which were denied.

Having exhausted the grievance process[1], Richard filed a federal petition for a writ of habeas corpus in this court. He alleges that his right to procedural due process was violated. Specifically, he asserts the following:

1. His disciplinary conviction is void because it was held too long after the offense occurred;

2. The evidence to support his conviction is insufficient;

3. He was not provided a written report of the hearing;

4. His disciplinary conviction is void because he was held in pre-hearing detention for too long;

5. He was not allowed to hear a tape of the hearing;

6. He was not given a physical before being placed in pre-hearing detention;

7. The charging officer had a history of psychiatric problems;

8. The grievance coordinator had a conflict of interest.

## II. Analysis

Respondent asserts that two of petitioner's claims, numbers 3 and 8, are unexhausted and procedurally barred from federal habeas

---

[1] As explained below claims 3 and 8 are unexhausted.

review.

28 U.S.C. § 2254(b)(1)(A) specifically provides, <u>inter alia</u>, that an application for writ of habeas corpus on behalf of a person in custody shall not be granted unless the applicant has exhausted his state court remedies. Although Petitioner is not required to present his claims to the Texas Court of Criminal Appeals,[2] he is required to complete the two-step procedure for presenting administrative grievances; <u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam); a claim is not properly exhausted unless it has been presented in Step One and Step Two grievances. <u>Morgan v. Dretke</u>, 433 F.3d 455, 457 (5th Cir. 2005); <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In the context of prison administration, this requirement affords proper deference to prison officials' decisions and administration of the prison system. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). The TDCJ-ID administration must be given an opportunity to consider the same factual grounds and legal theories before Petitioner is permitted to bring his constitutional claims to this Court. In this case grievance records[3] reveal that petitioner did not fully exhaust the grievance procedure as to claims 3 and 8. Claim 3 was not raised

---

[2] The Texas Court of Criminal Appeals will not entertain challenges by petition for writ of habeas corpus to the denial of good-time credits and other penalties imposed in prison disciplinary proceedings. <u>Ex parte Palomo</u>, 759 S.W.2d 671, 674 (Tex.Crim.App. 1988); <u>Ex parte Brager</u>, 704 S.W.2d 46 (Tex.Crim.App. 1986).

[3] Docket No. 12.

in either the Step One or Step Two grievance appeal, and claim 8 was only raised in the Step Two appeal.  These claims are therefore unexhausted and are unavailable for federal habeas relief.

Since Richard lost 100 days of good-time credit, his claims may be actionable if his date of release under mandatory supervision is actually delayed by a disciplinary proceeding in which his procedural due process rights were violated. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Texas' mandatory supervision scheme "creates a constitutional expectancy of early release and, as such, a liberty interest in previously earned good time credits." Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007).  Accordingly, Richard "is entitled to the minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that [his right to mandatory supervised release] is not arbitrarily abrogated."  Id. at 774.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). In Wolff, the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly

4

hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  Id., at 563-567.

Within the context of a disciplinary action that results in the forfeiture of good-time credits, due process requires "at a minimum, that there be 'some evidence' in the record to support the disciplinary decision."  Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (citations omitted); see also Morgan v. Dretke, 433 F.3d 455, 458 (5th Cir. 2005) (holding prisoner was denied due process when he was disciplined and stripped of good-time credits because there was "no evidence" to support the offense charged). Due process does not, however, include the right to confrontation. Broussard, 253 F.3d at 876.  A single report supporting the charges generally constitutes "some evidence."  Morgan, 433 F.3d at 458 (citing Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).

Petitioner waived the twenty-four notice requirement.  He was provided with an opportunity to call witnesses and present non-frivolous evidence.  The disciplinary hearing officer based his finding of guilt on the charging officer's report and testimony.[4] Officer Taylor testified that petitioner threatened to inflict harm on her if his cell door was not fixed by the next day.  Due process was satisfied in this case because the disciplinary findings were

---

[4] Petitioner failed to exhaust his claim that he did not receive a written report of the hearing.

supported by some evidence.[5]

### III.  Conclusion and Order

For the reasons explained above, petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas on this 18th day of June, 2009.

                                      SIM LAKE
                      UNITED STATES DISTRICT JUDGE

---

[5] Richard's remaining exhausted claims do not affect the procedural due process that was required and provided.